## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

PHILLIP MCGILBERRY                                               PLAINTIFF

v.                                                    No. 4:16CV41-NBB-SAA

UNION COUNTY SHERIFF'S DEPT., ET AL.                           DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Phillip McGilberry, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants confiscated his property and failed to return it. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Phillip McGilberry is an Mississippi state inmate who was housed at Unit 29-K building at the Mississippi State Penitentiary when he was stabbed, then airlifted to the hospital. During his stay at the hospital, his property was confiscated. When he returned to prison, he asked for his property, but prison officials could not locate it. He was later told in a response to his grievance that his property had been located, but prison officials did not return it to him.

### Taking of Property Without Due Process of Law

The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See*

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the Paratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1)     A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m)  Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston aw Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the

State of Mississippi.  *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85

So.3d 307 (Miss.App.,2012).  Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due
> compensation being first made to the owner or owners thereof, in a manner to be
> prescribed by law; and whenever an attempt is made to take private property for a use
> alleged to be public, the question whether the contemplated use by the public shall be
> a judicial question, and, as such, determined without regard to legislative assertion that
> the use is public.

The circumstances in Johnson are legally indistinguishable from those in the instant case.  The prison

officials in that case confiscated Johnson's drinking mug and disposed of it.  *Johnson v. King*, 85

So.3d 307, 311-312 (Miss. App. 2012).  Johnson had purchased the mug from the canteen with his

own money.  *Id*.  The mug as purchased was not considered contraband, and Johnson had not

modified the mug in such a way to turn it into contraband.  *Id*.  The Mississippi Court of Appeals held

that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and

that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug.

*Id*.  Those facts mirror the facts in the present case.  As such, the plaintiff in this case has an adequate

remedy under state law, and his claims for the taking of his property without due process of law must

be dismissed.

### Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim

upon which relief could be granted, counting as a "strike" under 28 U.S.C. § 1915(g). .

**SO ORDERED**, this, the 20th day of April, 2016.

*/s/ Neal Biggers*
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE